Conor Granahan (SBN 240756)
LAW OFFICES OF CONOR GRANAHAN
conor@conorgranahanlaw.com
Law Chambers Building
345 Franklin Street
San Francisco, California 94102
Telephone: (415) 830-3325
Facsimile: (415) 723-7274

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TOMLINSON, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **Violation of California Investigative Consumer Reporting Agencies Act** |
| HIRERIGHT, LLC, and DOES 1-100, | 2. **Unfair and Unlawful Competition** (Bus. & Prof. Code § 17200 *et seq.*); |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff John Tomlinson ("Plaintiff" or "Mr. Tomlinson") complains against Defendant HireRight, LLC ("HireRight") and Does 1-100 upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

3. At all times relevant herein, Mr. Tomlinson is an individual over the age of 18 and a resident of Jupiter, Florida.

4. Defendant HireRight is a Delaware corporation with its principal place of business in Irvine, California. According to its website, it is a worldwide company that reaches 200-plus countries and territories with more than 150 unique background check services offerings.

5. Whenever reference is made in this complaint to any act of a corporate defendant, such allegation shall mean that the corporation did the acts alleged in this complaint through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

6. Plaintiff does not know the true names and/or capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to include the true names and capacities of these so named Doe Defendants when their true names and capacities are ascertained.

7. At all relevant times, Plaintiff is informed and believes and thereon alleges that each of the Defendants, including the Doe Defendants, were acting within the scope of their relationship with each other as the employer, employee, master, servant, and/or agent of the other, and that all acts alleged herein were done within the scope of said relationship.

8. At all relevant times, each Defendant knew or realized that the other Defendants, including the Doe Defendants, were engaging in or planned to engage in the violations of law alleged in this complaint. Knowing or realizing that other Defendants were engaging in such unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant encouraged, facilitated, or assisted in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

9. At all relevant times, each Defendant operated as an integrated enterprise on account of their interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control.

## FACTUAL ALLEGATIONS

10. This is an action for damages under the Investigative Consumer Reporting Agencies Act ("ICRAA") and for declaratory and injunctive relief, penalties, and other appropriate relief arising under California statutes, including Business and Professions Code § 17200 *et seq*. ("the UCL").

11. In the summer of 2017, Mr. Tomlinson applied for a position with Intuit. He interviewed for the position in person in Santa Clara, California. After several interviews, on July 25th, he was offered the position of Manager, AML-SAR Investigations, with a start date of August 28th in the Woodlands Hills, California location. Mr. Tomlinson was going to relocate to California and work in person in Woodland Hills. The offer letter detailed his compensation and benefits. He was to be paid an annual salary of $165,000.00, with a target bonus plan of 20% of base pay, and a grant of stock valued at $40,000.00. Intuit agreed to cover his relocation costs from Florida to California. He would also have received benefits, including health insurance for himself and his wife, and 401(K) matching. Mr. Tomlinson timely signed and returned the offer letter.

12. The offer letter stated that Intuit was going to conduct a background check for employment purposes. Intuit used HireRight to conduct a background check of Mr. Tomlinson.

13. On July 24, 2017, Mr. Tomlinson signed an Authorization for Disclosure of Information with

HireRight so that HireRight could conduct a background check, also known as an investigative consumer report. A copy is attached as Exhibit A.

14. HireRight prepared a background check report and submitted it to Intuit.

15. The background check performed by HireRight impermissibly sought arrest records that did not result in convictions. Notably, Mr. Tomlinson has no criminal convictions and indeed none showed up on his background check. Included in the report was an arrest of Mr. Tomlinson in Florida that had a disposition date in November of 2016 and "no file" as the disposition.

16. HireRight's business practice is to seek background check information regarding non-conviction arrests.

17. On or about August 15, 2017, Stephanie Hoang of Intuit contacted Mr. Tomlinson to inquire about an arrest in Florida that showed up on his background check and she wanted to know the disposition.

18. On or about August 16, 2017, Ms. Hoang called Mr. Tomlinson and told him Intuit was rescinding his offer of employment.

19. Mr. Tomlinson obtained a copy of his HireRight background check, which lists the Florida non-conviction arrest.

20. Mr. Tomlinson reached out to HireRight during this process, but HireRight did nothing to correct its violations.

## FIRST CAUSE OF ACTION

### Violation of ICRAA

### (Cal. Civ. Code § 1786.1 *et seq.*)

### By Plaintiff Against All Defendants

1. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

2. Under ICRAA section 1786.2, Plaintiff qualifies as a "consumer."

3. Under ICRAA section 1786.2, HireRight qualifies as an "investigative consumer reporting

- 3 -

agency" that prepared an "investigative consumer report" for "employment purposes."

4. Under ICRAA section 1786.18(a)(7), an investigative consumer reporting agency may not make or furnish any investigative consumer report with the following: "[r]ecords of arrest, indictment, information, or misdemeanor complaint, [where] a conviction did not result…"

5. Under ICRAA section 1786.50, an investigative consumer reporting agency that fails to comply with the requirements of ICRAA with respect to an investigative consumer report is liable to the consumer for sum of: (1) Any actual damages sustained by the consumer as a result of the failure or ten thousand dollars, whichever sum is greater. (2) In the case of any successful action to enforce any liability under this chapter, the costs of the action together with reasonable attorney's fees as determined by the court. (b) If the court determines that the violation was grossly negligent or willful, the may, in addition, assess, and the consumer may recover, punitive damages.

6. Plaintiff was harmed by HireRight's failure to comply with the requirements of ICRAA, resulting in damages as indicated in his prayer.

7. HireRight's violation of ICRAA towards Plaintiff was grossly negligent and/or willful, which supports a prayer for punitive damages. After the arrest was disclosed to Intuit, Plaintiff contacted a HireRight employee, Rick Holland, to determine why the arrest had been disclosed. Mr. Holland contacted Intuit, where he informed Intuit that his understanding was that the incident arrest occurred but that it was not pursued by the court. Despite this understanding that his company had impermissibly disclosed an arrest not leading to a conviction, Mr. Holland and HireRight did nothing to try to fix the situation and it did not do any further research to try to determine whether the information it provided to Intuit was for an arrest or a conviction.

## SECOND CAUSE OF ACTION

### Unfair Business Practices

### (Cal. Bus. & Prof. C. § 17200 *et seq.*)

### By Plaintiff Against All Defendants

8. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully

set forth herein.

9. Every investigative consumer reporting agency is required to comply with the requirements of ICRAA.

10. As described above, Plaintiff was an applicant for employment in California. His employer requested HireRight to conduct an investigative consumer report for employment purposes on Plaintiff that impermissibly sought non-conviction arrest records. Plaintiff signed Authorization for Disclosure of Information, which every consumer signs with HireRight when there is an investigative consumer report generated for employment purposes.

11. The foregoing conduct, as alleged herein, violates the UCL, articulated at California Business and Professions Code § 17200 *et seq*. The UCL prohibits unlawful, unfair, and fraudulent competition by prohibiting any unlawful or unfair business acts or practices.

12. **Unfair Acts.** HireRight was engaged in, and continues to engage in, acts or practices that constitute unfair competition, as that term is defined in § 17200 *et seq*. of the UCL by 1) conducting investigative consumer reports that inquire regarding non-conviction arrests of California job applicants and disbursing such information to prospective employers when it exists. These violations resulted in an unfair operation of their business.

13. **Unlawful Acts.** The unlawful acts and practices of Defendants as alleged above constitute unlawful business acts and/or practices within the meaning of the UCL. Defendants' unlawful business acts and/or practices, as alleged herein, violate ICRAA section 1786.18. These predicate acts are therefore *per se* violations of the UCL.

14. Defendants' misconduct, as alleged herein, gave Defendants an unfair competitive advantage over their competitors who did not engage in such practices. The misconduct, as alleged herein, also violated established law and/or public polices which seek to regulate the investigative consumer reporting agency/consumer relationship in California. The conduct harmed job applicants who had background checks performed on them, and harmed the general public who may sign. Defendants' acts and/or practices were and are unlawful within the meaning of the UCL.

15. Plaintiff seeks an injunction requiring Intuit to stop its illegal and unfair business practices that violate ICRAAA section 1786.18.

16. Plaintiff has suffered injury in fact and has lost money as a result of the UCL violations by HireRight. Plaintiff has standing to file this private action for public injunctive relief in connection with this action.

17. Under *McGill v. Citibank*, (2017) 2 Cal 5th 945,957-960, actions for pure injunctive relief under the UCL are not subject to the requirements of Code of Civil Procedure ("CCP") 382.

18. Plaintiff seeks recovery of attorneys' fees and costs of this action as provided by ICRAA , as well as under CCP section 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.   An award of actual damages as afforded to him under ICRAA section 1786.50;

2.   An injunction requiring Defendant to comply with the statutory requirements of ICRAA section 1786.18 as described in this complaint pursuant to Business and Professions Code § 17203 and any other relevant basis;

3.   Pursuant to Business and Professions Code § 17203, that Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from engaging in unfair competition as defined in Business and Professions Code § 17200 *et seq.*, including but not limited to the acts and practices alleged in this complaint;

4.   That Plaintiff be awarded reasonable attorneys' fees and costs pursuant to ICRAA 1786.50 and Code of Civil Procedure § 1021.5 and/or any other applicable provisions of law;

5.   For special damages according to proof on behalf of Plaintiff;

6.   For general damages according to proof on behalf of Plaintiff;

7.   For both pre and post-judgment interest on any amounts awarded;

8.   For punitive damages;

9.   For such other and further relief as the Court deems just and proper.

DATED: July 3, 2018

Respectfully submitted,
LAW OFFICES OF CONOR GRANAHAN

Conor Granahan
Attorney for Plaintiff

Tomlinson v HireRight, LLC Complaint